STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF ANDERSON      )
                        )
Trista Farhan, personally and as personal ) CIVIL ACTION COVERSHEET
representative of the Estate of Douglas Evans, )
                        )
                  Plaintiff(s) )
                        )      2015-CP - 04- 02327
           vs.          )
                        )
Anderson County, Anderson County Sheriff's )
Office, Officer Miller, Officer Glen, Officer )
Acevedo, Officer Moore, Lt. Kindley, Officer )
Hendrix, Officer Scott and Officer Hagood, )
                  Defendant(s) )

**RECEIVED NOV 04 2015 INSURANCE RESERVE FUND CLAIMS DEPARTMENT**

Submitted By: Josh Hawkins
Address: 1225 S. Church St., Greenville, SC 29605

| | |
|---|---|
| SC Bar #: | 78470 |
| Telephone #: | 864-275-8142 |
| Fax #: | 864-752-0911 |
| Other: | |
| E-mail: | josh@jthawkinslaw.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☒ JURY TRIAL demanded in complaint    ☐ NON-JURY TRIAL demanded in complaint
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules
☐ This case is exempt from ADR (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20___-CP-___-___ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☒ Other (199) | ☐ Notice/File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☒ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | ☐ Other (799) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____    Date: October 5, 2015

**A TRUE COPY    OCT - 9 2015    CLERK OF COURT**

SCCA / 234 (04/2012)                                    Page 1 of 3

**EXHIBIT A**

2015-11-04 12:05:24

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C Code Ann. §15-36-10 et. seq

**FOR MANDATED ADR COUNTIES ONLY**

Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry, Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide )

4. Cases are exempt from ADR only upon the following grounds:

    a   Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition,

    b   Requests for temporary relief,

    c   Appeals

    d   Post Conviction relief matters;

    e   Contempt of Court proceedings,

    f   Forfeiture proceedings brought by governmental entities,

    g.  Mortgage foreclosures; and

    h   Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | ) |
| | ) CASE NO. 2015-CP-04- 02327 |
| Trista Farhan, personally and as personal representative of the Estate of Douglas Evans, | ) |
| | ) **SUMMONS** |
| Plaintiff, | ) |
| vs. | ) |
| Anderson County, Anderson County Sheriff's Office, Officer Miller, Officer Glen, Officer Acevedo, Officer Moore, Lt. Kindley, Officer Hendrix, Officer Scott and Officer Hagood, | ) |
| Defendants. | ) |

RECEIVED NOV 04 2015 INSURANCE RESERVE FUND CLAIMS DEPARTMENT

A TRUE COPY
OCT - 9 2015
CLERK OF COURT

YOU ARE HEREBY SUMMONED and required to answer the complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your answer to the said complaint on the subscribers at their office, 1225 South Church, Greenville, South Carolina, 29605, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

THE J T. HAWKINS LAW FIRM, LLC

_____
Joshua T. Hawkins, S.C Bar #78470
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142
(864) 752-0911 (fax)
josh@jthawkinslaw.com
*Attorney for the Plaintiff*

10/5, 2015
Greenville, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | ) |
| | ) CASE NO. 2015-CP-04- 02327 |
| Trista Farhan, personally and as personal representative of the Estate of Douglas Evans, | ) |
| | ) **COMPLAINT** |
| | ) **(Jury Trial Requested)** |
| Plaintiff, | ) |
| vs. | ) |
| Anderson County, Anderson County Sheriff's Office, Officer Miller, Officer Glen, Officer Acevedo, Officer Moore, Lt. Kindley, Officer Hendrix, Officer Scott and Officer Hagood, | ) |
| Defendants. | ) |

RECEIVED NOV 0 4 2015 INSURANCE RESERVE FUND CLAIMS DEPARTMENT

A TRUE COPY
OCT - 9 2015
CLERK OF COURT

COMES NOW, the plaintiff, alleging and complaining of the defendants as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The plaintiff is a citizen and resident of Anderson County, South Carolina.

2. Anderson County is a political subdivision of the State of South Carolina.

3. The Anderson County Sheriff's Office is a department of the County of Anderson, existing pursuant to the laws of South Carolina for the purpose of law enforcement.

4. Upon information and belief, Officer Miller is a citizen and resident of Anderson County, South Carolina.

5. Upon information and belief, Officer Glen is a citizen and resident of Anderson County, South Carolina

6. Upon information and belief, Officer Acevedo is a citizen and resident of Anderson County, South Carolina

7. Upon information and belief, Officer Moore is a citizen and resident of Anderson County, South Carolina.

8. Upon information and belief, Lt. Kindley is a citizen and resident of Anderson County, South Carolina.

9. Upon information and belief, Officer Hendrix is a citizen and resident of Anderson County, South Carolina.

10. Upon information and belief, Officer Hagood is a citizen and resident of Anderson County, South Carolina.

11. This Court has jurisdiction pursuant to *South Carolina Code* §§15-78-10 through 220.

12. Venue and jurisdiction are proper for the foregoing reasons.

## FACTUAL BACKGROUND

13. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.

14. On October 13, 2013, the defendants initiated an automobile chase with a car containing the Evans.

15. Upon information and belief, the defendants chased Evans at excessive speeds, endangering Evans and other citizens

16. The defendants used a "stop stick" to puncture the tires of the car in which Evans rode, and caused the car to crash.

17. The defendants then chased Evans on foot, tasered Evans numerous times, and beat him savagely.

18. After being savagely beaten and tasered, Evans became unresponsive.

19. Upon information and belief, the defendants' numerous tasings and savage beating killed Evans

20. Upon information and belief, the defendants' gross negligence, intentional acts, recklessness, deliberate indifference and other acts and omissions caused, exacerbated, intensified and/or worsened Evans' injuries, directly and proximately causing him to suffer pain and ultimately caused his death.

21. During all times described herein, the individual defendants acted under color of law and acted under color of law when they violated Evans' civil and Constitutional rights.

22. Upon information and belief, the defendants endorsed, ratified and condoned the actions of their co-defendants

## FOR A FIRST CAUSE OF ACTION
### (Violation of the United States Constitution, 42 U.S.C. §1983, and The South Carolina Constitution)

23. The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim

24. Pursuant to the U.S. Constitution and the S.C Constitution, Evans had the right to be secure in his person against unreasonable searches and seizures, and this right is applicable to the

conduct of state and municipal law enforcement personnel and employees. Evans had the right to be secure in his person against unreasonable invasions of privacy. Evans had the right to be secure in his person against unlawful beatings, excessive beatings and cruel and unusual punishment.

25     Upon information and belief, the defendants, including the Anderson County Sheriff's Office, its employees and/or others, severely injured Evans, unnecessarily beat him, and ultimately killed him

26     The government employee defendants used unnecessary physical force with the plaintiff, seizing his person, tasering him multiple times, and beating him savagely

27     The defendants' acts constituted violations of the U.S. Constitution and the S C Constitution

28     As a direct and proximate result of defendants' conduct, by and through government employees, the plaintiff was deprived of his rights, privileges, and immunities secured by the U.S. Constitution and S.C Constitution

29     The defendants used their position to inflict pain on Evans, deprive him of necessary medical treatment, and ultimately caused his death.

30.     Acting under color of state law and in the course of conducting an unlawful stop, an unreasonably dangerous chase, and/or an excessive beating, the defendants acted with deliberate indifference to the plaintiff's civil rights.

31     No reasonable law enforcement officer or government employee could have believed that the defendants' actions comported with the U.S. Constitution and S.C Constitution, in light of the clearly established legal rules for police conduct.

32     The plaintiff is therefore informed and believes that the Estate of Evans is entitled to judgment against the defendants pursuant to 42 U.S.C. §1983.

### FOR A SECOND CAUSE OF ACTION
### (Wrongful Failure to Supervise Police Officer)

33     The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.

34     Anderson County and the Anderson County Sheriff's Office had a duty to supervise persons hired to serve as police officers, sheriffs, deputies, guards and other state employees that interacted with the plaintiff.

35.  The defendants breached their duty in a grossly negligent and reckless manner to adequately supervise the state employees in the following particulars:

   a. in failing to ensure that state employees complied with policies and procedures regarding incidences such as the one which led to the events described herein;

   b. in failing to ensure that officers and employees complied with employment policies and procedures regarding arrest, detention of and interaction with persons such as Evans;

   c. in failing to reprimand or terminate the employment of pertinent officers and employees when the defendants learned of various acts of excessive force, seizure and other acts perpetrated by state employees prior to the date described herein, and in condoning such behavior;

   d. in failing to warn Evans and others of the state employees' dangerous propensities toward others;

   e. in failing to investigate the conduct of the state employees toward the Evans;

   f. in failing to conduct proper background checks before hiring employees;

   g. in failing to provide proper training;

   h. in failing to require proper training and education prior to hiring employees; and,

   i. in other such particulars as will be shown through discovery and at trial.

36.  As a direct and proximate result of the reckless and grossly negligent acts and omissions of one or more defendants in the hiring and supervision of governmental employees, the plaintiff suffered the injuries and damages set forth above

### FOR A THIRD CAUSE OF ACTION
(Common Law Liability for Gross Negligence & Recklessness)

37  The plaintiff incorporates the foregoing paragraphs as if repeated here, verbatim.

38  The defendants had a duty to exercise due care, defined to mean the care which a person of ordinary reason and prudence would exercise in the circumstances described herein

2015-11-04 12:05:28

39. The defendants had a duty to exercise that degree of knowledge, skill, and care by and through its government employees, required of such officers and employees, which is ordinarily possessed and exercised by those in their special line of work.

40. The defendants owed a duty to Evans to
    a. avoid assaulting Evans;
    b. avoid battering Evans;
    c. avoid stopping Evans, chasing him, placing him under arrest and seizing his person unnecessarily without proper cause or justification;
    d. avoid handling Evans in an unreasonably rough manner;
    e. avoid savagely beating Evans;
    f. avoid excessively tasering Evans; and
    g. other duties as will be shown through discovery.

41. The defendants breached their duty in a reckless and grossly negligent manner in several ways, including the following particulars:
    a. by failing to ensure that government employees complied with all applicable policies and procedures;
    b. by failing to follow up on complaints made by other persons about government employees prior to the pertinent officers' and employees' tortious actions described herein;
    c. by failing to adequately investigate government employees' conduct prior to their tortious actions described herein;
    d. by failing to properly monitor Evans' condition and administer appropriate medication and medical care.
    e. by authorizing, adopting, and ratifying, the conduct of government employees toward Evans;
    f. by stopping Evans without probable cause;
    g. by chasing Evans at excessive speeds;
    h. by intentionally crashing the car containing Evans;
    i. by tasering Evans multiple times;
    j. by hitting, punching, kicking and savagely beating Evans until he was dead; and

   k. in other such particulars as will be shown through discovery and at trial.

56 As a direct and proximate result of the grossly negligent and reckless acts and omissions of the defendants, Evans sustained the injuries and damages set forth above.

### FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death)

57 The plaintiff incorporates the forgoing paragraphs as if repeated here, verbatim.

58. The defendants owed Evans a duty of care, including the duty to avoid using lethal force unnecessarily on an unarmed suspect, repeatedly and unnecessarily tasering Evans, and other duties described above

59. The defendants negligently and recklessly breached their duty to Evans.

60 As a proximate result of the defendants' breach, Evans was killed

61 The plaintiff is therefore informed and believes the Estate of Evans is entitled to judgment against the defendants for Evans' wrongful death.

### FOR A FIFTH CAUSE OF ACTION
### (Survival Action, *S.C. Code* §15-5-90)

57 The plaintiff incorporates the forgoing paragraphs as if repeated here, verbatim

58 Pursuant to *S C Code* §15-5-90, the plaintiff brings this statutory survival action to recover for any and all injuries to the decedent caused by the defendants.

59. The defendants owed a duty of care to the decedent.

60 The defendants breached their duty of care in a grossly negligent and reckless manner in some or all of the following particulars.

   a. Unnecessarily tasering the decedent;

   b. Unnecessarily and savagely beating the decedent;

   c Continuing to beat and taser the decedent after any perceived threat had ended;

   d. Causing excruciating pain before killing decedent; and

   e. In such other ways as will be shown through discovery and at trial.

61 As a direct and proximate result of the acts and omissions of the defendants, the decedent was damaged in that he experienced conscious pain and suffering before his death

62 The plaintiff is therefore informed and believes the Estate of Evans is entitled to judgment against the defendants for Evans' pain and suffering before death.

2015-11-04 12:05:29

WHEREFORE, the plaintiff demands a jury trial and judgment against the defendants for actual and punitive damages to be determined by the Court as will fully compensate the Estate of Evans for his damages, for the costs of this action, for reasonable attorney's fees pursuant to 42 U.S.C §1988 and any other applicable authority herein cited or otherwise, and for such other relief as this Court deems just and equitable

Respectfully submitted,

THE J.T. HAWKINS LAW FIRM, LLC

Joshua T. Hawkins, S.C. Bar #78470
1225 South Church Street
Greenville, South Carolina 29605
(864) 275-8142
(864) 752-0911 (fax)
josh@jthawkinslaw.com
*Attorney for the Plaintiff*

10/5, 2015
Greenville, South Carolina

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
COUNTY OF ANDERSON )
) CASE NO. 2015-CP-04- 02327
)
Trista Farhan, personally and as personal )
representative of the Estate of Douglas Evans, )  **VERIFICATION**
)
Plaintiff, )
)
vs. )
)
Anderson County, Anderson County Sheriff's )
Office, Officer Miller, Officer Glen, Officer )
Acevedo, Officer Moore, Lt. Kindley, Officer )
Hendrix, Officer Scott and Officer Hagood, )

Defendants

PERSONALLY appeared before me the undersigned who, after first being duly sworn, states

That she is the plaintiff in the foregoing action, that she has read the allegations in the complaint and the same are true of her own knowledge except those stated therein to be based upon information and belief, and as to those, she believes them to be true

_Trista Farhan_
Trista Farhan

SWORN TO BEFORE ME THIS 9th
Day of October , 2015
_Ruth A. DiPasquale_
Notary Public for South Carolina
My commission expires 03/30/2022

A TRUE COPY
OCT - 9 2015
CLERK OF COURT

The J.T. Hawkins Law Firm, LLC
Attorney at Law

1225 South Church Street
Greenville, South Carolina 29605
Telephone: (864) 275-8142
Facsimile: (864) 752-0911
josh@jthawkinslaw.com

October 13, 2015

Rusty Burns
Anderson County Administrator
101 South Main Street
Anderson, South Carolina 29624

        Re:   *Trista Farhan vs. Anderson County et al*
                Case Number: 2015-CP-04-02327

Dear Mr. Burns,

    Please find attached a clocked copy of the civil action coversheet, summons and complaint along with discovery requests in the above-referenced action, hereby served upon you for service of process as the defendants. You must respond to the complaint within 30 days, or we will file a motion for default judgment and the Court may enter default pursuant to Rule 55 SCRCP. Should you have any questions, please do not hesitate to contact our office.

                                      Sincerely,

                                      Joshua T. Hawkins

RECEIVED NOV 04 2015 INSURANCE RESERVE FUND CLAIMS DEPARTMENT

EXHIBIT B